UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUTTON D. ACCURSO,

                Plaintiff,                      **Hon. Hugh B. Scott**

                                                              06CV848S

        v.                                        **Order**

COOPER POWER SYSTEMS, INC.,

                Defendant.

---

Defendant has filed a motion to compel non-party witness Norman Coombes to appear at a deposition and extension of the discovery and subsequent deadlines for dispositive motions (Docket No. 15[1]). Defendant was ordered to serve a copy of its motion and the Order setting forth the briefing schedule upon non-party witness Coombes, with proof of service filed with this Court, by June 13, 2008 (Docket No. 17), see Fed. R. Civ. P. 37(a)(1) (a motion to compel discovery is on notice to other parties "and all affected persons"). Responses were to be filed on or before June 23, 2008, and any reply was to be filed on or before June 30, 2008, and the motion then would be deemed submitted without oral argument unless determined necessary by the Court upon review of the papers (id.). Defendant, in its letter to Chambers notifying the Court of its motion, indicated that plaintiff is willing to join this motion (letter of Mark Moldenhauer, Esq., to Chambers, May 30, 2008, at 1; see also letter of Richard Wyssling, Esq., to Chambers,

---

[1] In support of its motion, defendant filed its attorney's affirmation, with exhibit (a copy of the subpoena served upon Coombes), Docket No. 16, defendant's affidavit of service and affidavit of circumstances, Docket No. 18. Plaintiff submitted a letter to Chambers indicating that he had no objections to defendant's motion, letter of Richard Wyssling, Esq., to Chambers, June 12, 2008.

June 12, 2008). In opposition, Coombes has not submitted any response. Rather than await reply submissions, given the filings by defendant, the Court now takes up its motion.

The Order setting forth this briefing schedule also granted defendant's motion for extension of the discovery deadline (solely for the purpose of conducting Coombes' deposition) and the subsequent deadlines, with the deadlines in the Amended Scheduling Order being stayed pending resolution of this motion to compel (id.).

BACKGROUND

In this is employment discrimination action, plaintiff alleges that her employer accused her of falsifying time cards and suspended her while male employees who engaged in similar activities were not suspended or disciplined (Docket No. 1, Compl. ¶¶ 7-20). She alleges gender discrimination claims under Title VII and the New York State Human Rights Law (id. ¶¶ 21-28). Defendant answered (Docket No. 2). The Court held a Scheduling Conference (Docket No. 10) and issued a Scheduling Order (Docket No. 11), which was amended (Docket No. 14). Under the amended Scheduling Order (Docket No. 14), discovery was to be completed by May 30, 2008; dispositive motions were due by June 30, 2008; referral to mediation was to cease by July 15, 2008; pretrial statements (if no motions are filed) were due by August 15, 2008. That Order also set forth the final pretrial conference date before Judge William Skretny and when the jury trial was scheduled to begin (id.).

In discovery, plaintiff testified that she relied upon statements made by Norman Coombes to justify her conduct that resulted in her suspension and eventual termination (Docket No. 16, Def. Atty. Affirm. ¶ 8). Defendant then attempted to subpoena Coombes for a deposition on May 27, 2008, and made several attempts to serve the subpoena upon him personally and eventually

purported to serve him by leave and mail (id. ¶¶ 3, 4, 6, Ex. A), with the requisite witness fees provided to Coombes (id. ¶ 5). See Fed. R. Civ. P. 45(b)(1). Coombes did not contact defense counsel and did not appear at the May 27, 2008, deposition (id. ¶ 7). Defendant now moves to compel Coombes' examination, scheduled for June 13, 2008 (Docket No. 15, Notice of Motion). No motion to quash this subpoena has been filed, cf. Fed. R. Civ. P. 45(c)(3).

Defendant also seeks to extend the discovery deadline of May 30, 2008 (Docket No. 14), solely to allow for the deposition of Coombes and the extension of the dispositive motion deadline (June 30, 2008) as well (Docket No. 16, Def. Atty. Affirm. ¶¶ 9-10, 2). Defendant proposes the dispositive motion deadline be extended to July 18, 2008 (id. ¶ 10).

Since defendant did not indicate that it attempted to serve this motion upon Coombes, the Order setting forth the briefing schedule ordered service of the motion and that Order upon Coombes with proof of its service (Docket No. 17), see Fed. R. Civ. P. 37(a)(1) (a motion to compel discovery is on notice to other parties "and all affected persons"); see also 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2465, at 82 & n.4 (Civil 2d ed. 1994) (minimal due process requires adequate notice and opportunity to be heard before subpoena sanction of civil contempt can be entered). Defendant responded by filing two affidavits from its process server. First is an "Affidavit of Service Affix to Door," stating the attempts to delivery the moving papers and Order to Coombes at an address in Olean, New York, and mailing of these papers to that same address. Second is an Affidavit of Circumstances, outlining the attempts in June 10-12, 2008, to locate Coombes and to deliver these papers to him (Docket No. 18).

DISCUSSION

I.  Compel Testimony of Non-Party Witness

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Since defendant subpoenaed Coombes to testify, it has moved under Rule 45. That rule has provision for a motion to compel production of subpoenaed materials upon an objection to their production, Fed. R. Civ. P. 45(c)(B)(i), but there appears to be no general provision to compel testimony where no materials are sought or in the absence of a timely objection. Failure to obey a subpoena is subject to civil contempt[2] if the subpoena has been served and the failure to obey is not adequately explained, Fed. R. Civ. P. 45(e). Thus, for this motion, the Court will address the initial issue of compelling Coombes' testimony. To address this issue, it must be determined, first, if defendant served Coombes and, if so, whether he has an adequate excuse for failing to appear at the scheduled deposition.

    A.  Was Coombes Properly Served?

Defendant attempted to personally deliver the subpoena (and later its motion and the Order setting forth the briefing schedule) upon Coombes, ultimately leaving copies of these documents and mailing them to Coombes' purported last known address in Olean (see Docket No. 16, Def. Atty. Affirm. ¶¶ 3-4, 5-6; Docket No. 18). Defendant contends that it served the

---

[2]Magistrate Judge's jurisdiction over such a civil contempt, however, is limited, see 28 U.S.C. § 636(e)(4) (available under consent jurisdiction), (6) (certify contempt to district judge).

subpoena pursuant to Fed. R. Civ. P. 4(e)(1) and New York Civil Practice Law and Rules 308(4) by leaving and mailing the subpoena (Docket No. 16, Def. Atty. Affirm. ¶ 4).

Federal Rule 4(e)(1) applies to service of summonses to persons within the judicial district, and not to subpoenas. The New York CPLR 308(4) also applies to service of summonses, but only in New York State proceedings and not federal court actions; cf. N.Y. CPLR 2303 (a subpoena in state cases to be served in the same manner as a summons).

The service of subpoena provision simply states that "serving a subpoena requires delivering a copy to the named person," Fed. R. Civ. P. 45(b)(1). Contempt for failure to appear pursuant to a subpoena depends upon service of that subpoena, see Fed. R. Civ. P. 45(e).

At issue is what constitutes "delivery" under Rule 45(b)(1). Rule 45(b)(1) itself does not define the means of personal delivery. If this were a subsequent pleading or other paper served upon a party, delivery under Rule 5, see Fed. R. Civ. P. 5(a)(1)[3], would mean "handing it to the person," Fed. R. Civ. P. 5(b)(2)(A), as well as other methods of service such as leaving the document at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there, id. R. 5(b)(2)(B)(ii), or mailing it to the last known address, id. R. 5(b)(2)(C). The various post-pleading documents identified in Rule 5 do not include subpoenas, or other papers that have their own specific rule, see 4B Wright & Miller, Federal Practice and Procedure § 1143, at 427 (Civil 3d ed. 2002). Commentators have concluded that "delivery" here means personal service of a subpoena is required, 9A Federal Practice and

---

[3]Rule 5(a)(1) includes pleadings after the original Complaint; "a discovery paper required to be served on a party, unless the court orders otherwise," a written motion, "a written notice, appearance, demand, or offer of judgment, or any similar paper," Fed. R. Civ. P. 5(a)(1)(A)-(E); see 4B Wright & Miller, Federal Practice and Procedure § 1143, at 419-25 (Civil 3d ed. 2002).

Procedure, supra, § 2454, at 24 & n.5; 5A Moore's Federal Practice § 45.21[1] (2008). According to the Practice Commentary of David D. Siegel on this rule, "personal delivery is the only method specified" under Rule 45, and methods allowed for service of a summons (such as mailing or delivery to a person of suitable age and discretion) are not available for delivery of a subpoena, U.S.C.A., Fed. R. Civ. P. 45, David D. Siegel, Practice Commentaries C45-9, at 561, 562 (2008); see Federal Trade Comm'n v. Compagnie de Saint-Gobian-Pont-a-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (distinguishing Rule 4 service as effectuating notice from Rule 45 service as compulsion); 9A Federal Practice and Procedure, supra, § 2454, at 24. As noted by the United States Court of Appeals for the District of Columbia Circuit, "under the Federal Rules, compulsory process may be served upon an unwilling witness only in person," FTC, supra, 636 F.2d at 1313. One court in the Second Circuit has held that it lacked the discretion to order alternative service methods for subpoenas even where a party has difficulty serving by personal delivery, In re Deposition Subpoena Directed to Leonard Smith (Conanicut Investment Co. v. Coopers & Lybrand), 126 F.R.D. 461, 462 (E.D.N.Y. 1989) (McLaughlin, D.J.), with another court concluding that the subpoena not personally served is held to be a nullity, Khachikian v. BASF Corp., No. 91-CV-573, 1994 U.S. Dist. LEXIS 2881, at *4 (N.D.N.Y. Mar. 4, 1994).

There is a split among courts whether Rule 45 requires personal service of the subpoena exclusively, cf. First Nationwide Bank v. Shur (In re Shur), 184 B.R. 640, 642 (Bankr E.D.N.Y. 1995) (declining to follow majority of courts, holding that Rule 45 does not require personal service); Doe v. Hersemann, 155 F.R.D. 630, 630-31 (N.D. Ind. 1994) (same); Cordius Trust v. Kummerfeld, No. 99 Civ. 3200, 1999 U.S. Dist. LEXIS 19980 (S.D.N.Y. Jan. 3, 2000) (court

grants motion for alternative service, by certified mail, holding that personal delivery is not exclusive method for service of subpoena under Rule 45). In the cases that allowed service of a subpoena other than by personal delivery so long as the manner of service reasonably ensured its actual receipt, see King v. Crown Plastering Corp., 170 F.R.D. 355, 355-56 (E.D.N.Y. 1997); 9A Federal Practice and Procedure, supra,§ 2454 (Supp. 2005), at 7, either the subpoenaed witness sought to quash the subpoena, e.g. Doe v. Hersemann, supra, 155 F.R.D. at 630; King, supra, 170 F.R.D. at 355, hence indicating actual receipt by their appearance in moving to have it quashed, or the alternative method assured the courts that the witness received the subpoena or meet minimal constitutional requirements for actual notice and an opportunity for the witness to be heard, e.g., Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425 (S.D.N.Y. Sept. 24, 2002) (service by certified mail and upon New York Secretary of State as agent for corporate service); In re Shur, supra, 184 B.R. at 644 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

  This Court, however, agrees with the majority of jurisdictions (and commentators) and holds that Rule 45(b)(1) requires personal delivery of a subpoena upon the party being served, absent an Order to the contrary authorizing alternative service. As here, the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this non-party actual receives this Court process. The method asserted by defendant in its affidavits of service (Docket No. 16, Ex. A) and of circumstances (Docket No. 18) does not give such assurance; the latter affidavit outlines the difficulties locating and delivering the motion to Coombes (Docket No. 18), while the affidavit of service lists the dates and times in April 30, May 2 and 3, 2008, defendant's process server attempted to deliver the subpoena (Docket No. 16,

Ex. A). While the subpoena was mailed to Coombes, it apparently was not done by certified mail or other method that required Coombes to acknowledge receipt (cf. Docket No. 16, Ex. A). This Court (in setting the briefing schedule for this motion) required defendant to assure service of the motion and the Order upon the non-party Coombes out of a concern that Coombes may have no knowledge of this action or the fact that he is sought as a witness. Service of the motion upon Coombes, however, was adequate by mailing the moving papers to Coombes' last known address, Fed. R. Civ. P. 5(b)(2)(C), if the Court has personal jurisdiction over Coombes. Otherwise, Coombes may have been compelled to testify or been held in contempt unaware because he never received the subpoena or moving papers. Basic due process requires adequate notice to Coombes before being brought under this Court's jurisdiction under either the subpoena or an Order enforcing that subpoena. Had alternative means of service been available for service of subpoenas, Rule 45 would either refer to methods allowed for service of summonses under Rule 4 or other papers under Rule 5 or specified which methods satisfied personal delivery to the target of the subpoena. Instead, Rule 45 states only one method for service, delivery to the named person.

Defendant has not moved for leave to serve Coombes by alternative means (nor has he sought such other relief that the Court may order, cf. Docket No. 15). Furthermore, by holding that Rule 45(b)(1) requires personal delivery, this Court presently is not rejecting such a motion, compare Cordius Trust, supra, 1999 U.S. Dist. LEXIS 19980, at *5 (granting motion for alternative service of subpoena under Rule 1) with Conanicut Investment, supra, 126 F.R.D. at 462 (holding court lacks discretion to grant motion for alternative service). Whether this Court can (or will) order alternative means of service remains an open question, cf. 5A Moore's Federal

Practice, supra, § 45.21[1] (no policy reason to preclude alternative service methods for service of a subpoena).

In this case, defendant failed to serve Coombes by personal delivery. The Court could not hold Coombes in contempt because he had to have been served with the subpoena before he can be held in contempt for failing to obey it. Coombes cannot be compel to appear pursuant to the subpoena that he has not formally received, despite defendant's efforts to effect delivery. Therefore, defendant's motion to compel enforcement of a yet-to-be-served subpoena is **denied**.

      B.      Does Coombes Have an Adequate Explanation For His Non-Appearance?

The other grounds for avoiding contempt is if Coombes presents an adequate explanation for his non-appearance and disobedience of the subpoena. The fact that he was not personally served with the subpoena may provide an adequate explanation for his noncompliance. Given the disposition above regarding service of the subpoena, the Court need not reach this alternative ground for denying defendant's motion to compel.

II.      Extend Scheduling Order

Defendant also seeks to extend the discovery and other Scheduling Order deadlines in light of the fact that it has not deposed Coombes discussed above. Modification of a Scheduling Order is done only upon a showing of good cause. Fed. R. Civ. P. 16(b); see 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d ed. 1990). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." Id. at 231. This Court has broad discretion in preserving the integrity of its Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996), including the discretion to extend its deadlines when good cause is shown.

Despite the fact that defendant has not served the subpoena upon Coombes, both parties do not object to extension of discovery deadlines to attempt to obtain Coombes' testimony. As a result, defendant's motion for this relief is **granted**.

The Amended Schedule is as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order (Docket No. 14) continue in effect): All discovery in this case shall conclude on **August 15, 2008**, for the limited purpose of deposing Norman Coombes; all other discovery should already be completed. As a result, dispositive motions, if any, shall be filed no later than **October 17, 2008**, granting more time than as sought by defendant to allow for service of the subpoena and Coombes' deposition. The referral to the Court's pilot ADR mediation shall terminate on **December 12, 2008**, after the dispositive motion deadline. In the event that settlement is not reached, the case will progress toward trial, as scheduled elsewhere in this Order and in prior Scheduling Orders.

In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **January 6, 2009**. A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. 16(d) and Local Rule 16.1(f) will be held on **Wednesday, February 11, 2009, 9 am,** with Judge Skretny. Jury Trial is reset for **Monday, April 21, 2009, 9:30 am**. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 15) to compel the examination of non-party witness Norman Coombes is **denied**. Defendant's motion for

extension of the discovery deadline and subsequent deadlines is **granted**.  The Amended

Scheduling Order is set forth above in part II of the Discussion in this Order.

     So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
June 19, 2008